In re: Frederick Lynn KELLANDER Debtor.

David A. Smyth, Appellant.

No. 99–17645.
BAP No. NC–99–01261 RPRy.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2001.[*]

Decided June 1, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

586

Before SNEED and SILVERMAN, Circuit Judges, and SEDWICK,** District Judge.

MEMORANDUM ***

David Smyth appeals the BAP order affirming sanctions entered against him by the bankruptcy court. The bankruptcy court sanctioned Smyth for filing a frivolous 11 U.S.C. § 522(f) motion to avoid a judgment lien and for filing the motion for an improper purpose. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and review the sanctions for an abuse of dis-

cretion. *In re Rainbow Magazine, Inc.,* 77 F.3d 278, 283 (9th Cir.1996). We affirm.

█ Because the parties are familiar with the facts of this case, we will not recite them in this decision in detail. Smyth argues that the bankruptcy court failed to make adequate findings. The bankruptcy court found that the judgment lien secured a child support debt, that a child support lien could not be avoided under § 522(f) and that Smyth filed the motion for an improper purpose – "to shake things up." The evidence in the record supports the bankruptcy court's findings that the § 522(f) motion to avoid the child support lien was frivolous and filed for an improper purpose.

█ Smyth also argues that the bankruptcy court could not sanction him because he effectively withdrew the § 522(f) motion prior to the order to show cause by not setting the motion for a hearing and by informing opposing counsel of same. The bankruptcy court cannot award monetary sanctions on its own initiative unless it issues the order to show cause "before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned." Fed. R. Bankr.9011(c)(2)(B). Smyth's argument fails because he neither settled nor dismissed the claims relating to the judgment lien before the order to show cause was issued. He merely refrained from having it set for hearing at *that* time. Since it was not formally withdrawn, it could have been resurrected for hearing at any time. In fact, Smyth continued to pursue the judgment lien issue through a second Chapter 13 proceeding. The safe

** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

harbor provision of Rule 9011(c)(2)(B) did not preclude the sanctions against Smyth.

AFFIRMED.

---

* William Henderson is substituted for his predecessor, Marvin Runyon, as Postmaster General of the United States Postal Service. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.